*People v Rivera,* 78 AD2d 556; *People v Evans,* 70 AD2d 886). Therefore, the defendant's videotaped confession and statement to police should have been suppressed. Thompson, J. P., Lawrence, Harwood and Balletta, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORVERTO RIVERA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Demakos, J.), rendered August 17, 1987, convicting him of murder in the second degree (two counts) and robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). Although the prosecution's witnesses, some of whom had criminal records and were involved with illegal drugs, gave accounts that differed with the defense version of how the defendant's confession was obtained, the jury's determination to credit the version proffered by the prosecution finds support in the record *(see, People v Garafolo,* 44 AD2d 86, 88), and we decline to disturb it.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Lawrence, J. P., Kunzeman, Rubin and Rosenblatt, JJ., concur.